**2022-1370**

In The

# United States Court of Appeals

### For The Federal Circuit

## KONAMI GAMING INC.,

*Plaintiff – Appellee,*

v.

## HIGH 5 GAMES, LLC,

*Defendant – Appellant.*

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA
IN NO. 2:14-cv-01483-RFB-NJK,
THE HONORABLE RICHARD F. BOULWARE, II.**

_____

## BRIEF OF APPELLEE

_____

Kristopher K. Hulliberger
Patrick M. McCarthy
Christopher J. Worrel
HOWARD & HOWARD ATTORNEYS PLLC
450 West Fourth Street
Royal Oak, Michigan  48067
(248) 645-1483
kkh@h2law.com
pmm@h2law.com
cjw@h2law.com

W. West Allen
HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada  89169
(702) 667-4843
wwa@h2law.com

*Counsel for Plaintiff – Appellee*          *Counsel for Plaintiff – Appellee*

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

### CERTIFICATE OF INTEREST

|  |  |
|---|---|
| **Case Number** | 2022-1370 |
| **Short Case Caption** | Konami Gaming Inc. v. High 5 Games, LLC |
| **Filing Party/Entity** | Konami Gaming Inc. |

**Instructions:** Complete each section of the form.  In answering items 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.  **Please enter only one item per box; attach additional pages as needed and check the relevant box**.  Counsel must immediately file an amended Certificate of Interest if information changes.  Fed. Cir. R. 47.4(b).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 05/13/2022

Signature:  /s/ Kristopher K. Hulliberger

Name:  Kristopher K. Hulliberger

FORM 9. Certificate of Interest

Form 9 (p. 2)
July 2020

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. <br><br> ✓ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. <br><br> ☐ None/Not Applicable |
| Konami Gaming Inc. | | Konami Corporation of America |
| | | Konami Holdings Corporation |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐  Additional pages attached

**4. Legal Representatives.**  List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities.  Do not include those who have already entered an appearance in this court.  Fed. Cir. R. 47.4(a)(4).

☑    None/Not Applicable          ☐    Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**5. Related Cases.**  Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal.  Do not include the originating case number(s) for this case.  Fed. Cir. R. 47.4(a)(5).  See also Fed. Cir. R. 47.5(b).

☑    None/Not Applicable          ☐    Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**6. Organizational Victims and Bankruptcy Cases**.  Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees).  Fed. Cir. R. 47.4(a)(6).

☑    None/Not Applicable          ☐    Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |

Save for Filing

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................. iii

STATEMENT OF RELATED CASES ................................................... vi

STATEMENT OF THE CASE ............................................................. 1

    I.    INTRODUCTION ................................................................. 1

    II.   PATENTS-IN-SUIT ............................................................. 5

    III.  POST-GRANT PROCEEDINGS OF THE PATENTS-IN-SUIT ....... 7

    IV.  DISTRICT COURT PROCEEDINGS AND APPEAL ................. 8

SUMMARY OF THE ARGUMENT ................................................... 12

ARGUMENT .............................................................................. 14

    I.    STANDARD OF REVIEW .................................................. 14

    II.   THE DISTRICT COURT CONSIDERED THE TOTALITY OF THE CIRCUMSTANCES AS REQUIRED BY *OCTANE FITNESS* AND CONCLUDED KONAMI'S POSITIONS WERE REASONABLE ............................................................ 14

        A.   The District Court Understood and Applied the Appropriate Legal Standards and Relevant Case Law ............. 17

            1.   High 5 Faults the District Court for Considering Parties Conduct in *Inter Partes* Reviews in its Totality of the Circumstances Analysis ......................... 19

            2.   High 5 Faults the District Court for Considering Parties Conduct in Other Litigations in its Totality of the Circumstances Analysis ........................ 22

B.  The District Court Had No Obligation To Write An Opinion That Reveals The Assessment Of Every Consideration ............................................................24

C.  The District Court Correctly Weighed Konami's Arguments Against the Application of *Aristocrat* and the District Court Applied the Correct Test From *Williamson* .......26

D.  The District Court Properly Considered and Rejected High 5's 35 U.S.C. § 101 Arguments in Support of Its Exceptional Case Contentions and the District Court's Properly Assessed the Evidence as Required by *Octane Fitness* ...................................................................28

CONCLUSION AND RELIEF REQUESTED ......................................................31

CERTIFICATE OF FILING AND SERVICE

CERTIFICATE OF COMPLIANCE

## <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

## <u>CASES</u>

*Alice Corp. v. CLS Bank Int'l,*
    134 S. Ct. 2347 (2014)...................................................................28, 29

*Amdocs (Israel) Ltd v. Openet Telecom, Inc.,*
    841 F.3d 1288 (Fed. Cir. 2016) ....................................................29

*Aristocrat Techs. Australia Pty Ltd. v. International Game Tech.,*
    521 F.3d 1328 (Fed. Cir. 2008) ........................................17, 18, 26

*Bayer CropScience AG v. Dow Agrosciences LLC,*
    851 F.3d 1302 (Fed. Cir. 2017) ....................................................14

*Cambrian Sci. Corp. v. Cox Commc'ns, Inc.,*
    79 F. Supp. 3d 1111 (C.D. Cal. 2015) ..........................................16

*DietGoal Innovations LLC v. Chipotle Mex. Grill, Inc.,*
No. 2:12-cv-00764-WCB,
    2015 WL 1284826 (E.D. Tex., March 20, 2015) .........................17

*FMC Corp v Hennessy Indus, Inc,*
    836 F2d 521 (Fed Cir, 1987) .......................................................18

*Gaymar Indus. v. Cincinnati SubZero Prods.,*
    790 F.3d 1369 (Fed. Cir. 2015) ....................................................16

*Highmark Inc. v. Allcare Health Mgmt.,*
    572 U.S. 559 (2014)................................................................14, 24

*In re Smith,*
    815 F.3d 816 (Fed. Cir. 2016) ....................................17, 23, 28, 29

*Konami Gaming, Inc. v. Marks Studios, LLC,*
    2021 WL 7711202 (D. Nev. Mar. 15, 2021) ...........................22, 23

*Medtronic Navigation, Inc. v. BrainLAB Medizinische Computersysteme GmbH*,
603 F.3d 943 (Fed. Cir. 2010) ........................................................15

*Munchkin, Inc v. Luv n' Care, Ltd*,
960 F.3d 1373 (Fed. Cir. 2020) ....................................................19

*Octane Fitness, LLC v. Icon Health & Fitness, Inc.*,
572 U.S. 545 (2014)............................................................*passim*

*Precision Links Inc. v. USA Products Group, Inc.*,
No. 3:08–cv–00576–MR,
2014 WL 2861759 (W.D.N.C. June 24, 2014)............................................17

*Prism Techs. LLC v. T-Mobile USA, Inc.*,
696 F. A'ppx 1014 (Fed. Cir. 2017)............................................22

*Romag Fasteners, Inc. v. Fossil, Inc.*,
866 F.3d 1330 (Fed. Cir. 2017) ............................................24, 25

*Rothschild Connected Devices Innovations, LLC v. Guardian Prot. Servs., Inc.*,
858 F.3d 1383 (Fed. Cir. 2017) ....................................................14

*Sarif Biomedical LLC v. Brainlab, Inc*,
725 F. App'x 996 (Fed. Cir. 2018)........................................20, 21

*SFA Sys., LLC v. Newegg Inc.*,
793 F.3d 1344 (Fed. Cir. 2015) ........................................ 15-16, 22

*SHFL Entertainment, Inc. v. Digideal Corporation*,
No. 2:12-cv-1782, 2016 WL 5219464 (D. Nev. June 29, 2016)..................15

*Stone Basket Innovations, LLC v. Cook Med LLC*,
892 F.3d 1175 (Fed. Cir. 2018) ............................................*passim*

*Stragent, LLC v. Intel Corp.*,
No. 6:11–cv–421, 2014 WL 6756304 (E.D. Tex. Aug. 6, 2014)..................16

*Univ. of Utah v. Max-Planck-Gesellschaft Zur Forderung Der Wissenschaften e.V.*,
851 F.3d 1317 (Fed. Cir. 2017) ....................................................24

*VDPP LLC v. Vizio, Inc.*,
    No. 2021-2040, 2022 WL 885771 (Fed. Cir., March 25, 2022) ...................27

*Williamson v. Citrix Online, LLC*,
    792 F.3d 1339 (Fed. Cir. 2015) ............................................................*passim*

## STATUES

35 U.S.C. § 101 ...............................................................................*passim*

35 U.S.C. § 112 ...............................................................................*passim*

35 U.S.C. § 282 ........................................................................................2

35 U.S.C. § 285 ...............................................................................*passim*

## RULE

Fed. Cir. R. 36 ........................................................................................11

Fed. Cir. R. 36(a)-(e) ..............................................................................11

## **STATEMENT OF RELATED CASES**

An appeal from this action was previously before the Court. The title and number of that prior appeal was *Konami Gaming Inc. v. High 5 Games, LLC*, No. 2018-1723 (Fed. Cir.). The appellate panel in that prior appeal consisted of Circuit Judges Lourie, Clevenger, and Wallach. In that prior appeal, on March 11, 2019, the Court issued a *per curiam* decision affirming the district court pursuant to Fed. Cir. R. 36. *See Konami Gaming Inc. v. High 5 Games, LLC*, 756 F. App'x 994 (2019).

Konami Gaming is not aware of any currently pending case in this Court or any other court or agency that will directly affect or be directly affected by this Court's decision in this appeal.

## STATEMENT OF THE CASE

## I.    INTRODUCTION

This is an ordinary patent infringement case where Konami Gaming Inc. ("Konami"), having built its business innovating, manufacturing, and selling video slot machines and gaming enterprise management systems worldwide, brought suit under its presumed-valid patents to prevent a direct competitor, High 5, from infringing with 71 games that exceeded $89 million in revenue. Appx2760.

Konami is a leading innovator within its industry and employs hundreds in game manufacturing, software engineering, field technicians, and administration. In both its Nevada facilities and worldwide operations, Konami creates engaging games and provides the highest quality products to the gaming industry. This lawsuit concerned four patents that embodied Konami's critical improvements in the design and operation of gaming machines developed in 2004. Konami has implemented its patented features in slot games available worldwide where, in each game, a symbol is randomly selected for placement in consecutive positions on one or more reels to create a run, or strip, of identical symbols visible to the player during game play.

As is common in "bet the company" cases, High 5 implemented a complicated defense strategy that implicated difficult issues of non-infringement and invalidity. Appx2760. This case is not one of the rare cases that stand out from all the rest given the number of asserted patents and infringing games, as well as the amount at stake.

1

If this case is "exceptional," then every patent litigation where a defendant prevails on disputing validity must also be "exceptional."

In its Appeal, High 5 claims that Konami pursued this case knowing the patents-in-suit were invalid and knowing that the claims were not infringed. This is false. Konami lost a heavily contested claim construction dispute regarding the definiteness of certain terms of the patents-in-suit under a legal standard that has significantly and substantively changed over the course of the litigation. Issues of infringement were not adjudicated. The changing legal standards evolved after the patents-in-suit were issued, and continued to change throughout this suit. As part of its claim for attorneys' fees, High 5 submitted nearly 400 hours of research into new case law and authority. Even today, the standards and methodology for construing claims and navigating the bounds of patent-eligible subject matter continue to evolve. Ultimately, High 5 convinced the district court that the asserted patents included claim terms that were subject to means-plus-function treatment (despite the patentee not using the word "means") under the substantially changed *Williamson v. Citrix Online, LLC*, 792 F.3d 1339 (Fed. Cir. 2015) standard—a legal standard that was ***adopted nine months after the complaint's filing***.

Konami was entitled to rely on the presumption of patent validity per 35 U.S.C. § 282, and the presumption against means-plus-function treatment where the patentee did not use the word "means." Konami brought this litigation reasonably

believing that the terms were not subject to means-plus-function construction. Konami acted responsibly to enforce its intellectual property rights that others had copied and still others had licensed. Even under the new and evolving controlling authority, the presumption remains against means-plus-function construction for claim terms that do not recite "means," or "step for."

Similarly, High 5 argued to the district court that Konami's asserted claims were invalid under 35 U.S.C. § 101—grounds that Konami vigorously disputed—by relying on "game rules" case law that *did not exist until 18 months after the case was filed*. The jurisprudence for determining what is or is not abstract continues to evolve in U.S. patent law. Following the Supreme Court's guidance has proven difficult for patent owners, the Patent Office, and courts. Even High 5 acknowledged their defense strategy was complicated and difficult. High 5 relied on case law decided more than a year and a half after Konami filed suit. Against this still-changing legal landscape, the district court properly exercised its discretion in finding Konami's arguments were reasonable, and not supporting an "exceptional" case finding.

High 5 wrongly argues this is an "exceptional" case based on Konami's positions regarding claim construction and infringement. Konami's vigorous efforts and zealous advocacy to prosecute its claims of infringement, which were made in good faith, do not merit the award of attorney's fees. Our adversarial system of

justice depends on litigants putting forth their best arguments and letting a neutral decision maker weigh the facts and the law with the benefit of a full presentation of the issues by all parties. This cannot and should not be held against Konami.

No "exceptional" case exists here. High 5 is not entitled to recover its attorneys' fees and costs simply because the district court sided with High 5. Konami advanced reasonable positions supported by law and facts, including the expert testimony of Mr. John F. Acres, a person knowledgeable of the ordinary skill in the art. High 5's success on the merits does not mean that Konami's claims have been pursued in bad faith, nor does it provide a legal or factual basis to subvert the longstanding American Rule that all parties shall bear their own fees and costs. Konami respectfully requests that the Court deny High 5's appeal. District Judge Boulware did not abuse his discretion, but rightly considered the totality of the circumstances in rejecting High 5's demand for attorneys' fees. Only if High 5 meets its high burden in showing that the district court abused its discretion and did not fully consider the totality of the circumstances should this matter be remanded back to the district court. High 5 cannot meet this burden. Konami's positions on issues of law ultimately were held to be incorrect, but this does not make Konami's positions standout from any other losing party in a patent infringement suit. Contrary to High's 5's contentions, just because a party loses an issue of patent validity, that decision does not make a case exceptional.

## II.    PATENTS-IN-SUIT

The Konami slot machine Patents-in-Suit provide dynamic gameplay different from conventional slot games and are significantly more than "game features". App. Br. 9. With reference to the '869 Patent, the '869 patent is titled "Gaming Machine with Runs of Consecutive Identical Symbols" and issued on Jan. 17, 2012, from an application filed on December 9, 2005. Appx0053.

The '869 patent discloses a gaming machine for the playing of games of chance. Appx0062, 1:13–14. Figure 1 of the '869 patent, which depicts gaming machine 10, is reproduced at right. Appx0063, 4:14–16. Gaming machine 10 has display 12, which shows portions of adjoining simulated reels 26–30. Id. The simulated reels are divided into a number of elements 14, such as 256 elements, and each element displays one symbol 32. Appx0063, 4:16–23.



Fig. 1

In one embodiment, the sequence of symbols in the element remains fixed except for, on the first or left-most reel, at least one run of identical symbols in each

of a number of consecutive elements. Appx0063, 4:23–25, 4:33– 46. Figure 2 of the

'869 patent is reproduced below. Figure 2 of the '869 patent is reproduced below.



Fig 2

Figure 2 depicts a schematic representation of the symbols of simulated reel

26. Simulated reel 26 has three runs 31, 32, and 33 of five elements having identical

crown symbols. Appx0063, 4:33–48. The selection of the identical symbol is made

"through a notional rotation of an 'inner reel,'" which "is in effect a look-up table

and is not displayed." Appx0063, 4:52–57. The selection of the identical symbol is

performed anew for each new play of the game. Appx0063-0064, 4:65–5:2. The

identical symbol is selected from a subset of game symbols that appear on simulated

reel 26 and each symbol in the subset is assigned a probability of selection.

Appx0063, 4:58–61, Appx0064, 5:3–9; Appx0056, Fig. 3.

As the reels spin during a play of the games, a player will notice the runs of

identical symbols passing through the display and have a heightened interest because

the odds of a winning arrangement appearing on the display will increase.

Appx0064, 5:10–16. In an alternative embodiment, simulated reels 27–30 of gaming machine 10 may also have at least one run of consecutive identical elements. Appx0064, 5:21–6:3.

## III.  POST-GRANT PROCEEDINGS OF THE PATENTS-IN-SUIT

High 5 filed petitions for *inter partes* review before the Patent Trial and Appeal Board ("PTAB") and in each case the PTAB denied institution, finding that the prior art cited by High 5 failed to anticipate the elements of Konami's claims, and that High 5 failed to show a reasonable likelihood of success after making an extensive review and interpretation of the claims. Appx3200-3201; Appx3219-3220; Appx3238-3239; and Appx3257-3258. None of the claims were held to invoke means-plus-function construction.

In their IPR petitions, High 5 presented several invalidity arguments and 12 terms for construction by the PTO across the four patents-in-suit—none of which were alleged, at that time, to be governed by 35 U.S.C. § 112 ¶ 6. High 5's petition characterized the claimed technology as "a simulated-reel gaming machine that randomly selects, for at least one displayed reel, at least one run of consecutive identical symbols from a subset of symbols maintained within the machine." Appx2937. Indeed, High 5 advocated non-means-plus-function constructions for the terms "notional, non-visible inner reel," "virtual rotation" / "virtually spinning," among others. Appx2945-2947. At least there, High 5 advocated for constructions

aligned with Konami's claim construction proposals in the district court litigation. Specifically, High 5 advocated that the "notional, non-visible inner reel," is "a look-up table," and the "virtual rotation" / "virtually spinning" is "selecting with a random selection algorithm for each game." *Id*. Ultimately, in July 2016, the PTO resolved the IPR petitions in favor of Konami. Appx3199-3217; Appx3218-3236; Appx3237-3255; Appx3256-3278. In providing a detailed review of the scope of prior art disclosure against the scope of the claims, the PTO declined to provide any explicit interpretation of any of the terms proposed by High 5 for construction. The PTO's analysis illustrated how the scope of the claims is readily ascertainable and can be understood by one of ordinary skill when the claim terms are given their plain and ordinary meaning. Appx3205; Appx3224; Appx3243 (making clear that in the absence of explicit interpretation, terms are given their ordinary meanings as would be understood by a skilled artisan); and Appx3263.

## IV.    DISTRICT COURT PROCEEDINGS AND APPEAL

Konami filed suit against High 5 on September 12, 2014. The district court conducted Markman proceedings, and the Parties briefed issues related thereto. In its claim construction briefing, consistent with High 5's IPR claim construction positions, Konami advocated that most of the disputed claim terms should be given their plain and ordinary meaning, requiring no explicit construction. Konami presented its case during the omnibus hearing in May, June, and August 2017.

Throughout the proceedings, Konami, never conceded or admitted that the claims were subject to § 112, ¶ 6. Nor did Konami's expert, as alleged by High 5. App. Br. 1, 14. High 5 mischaracterizes one sentence out of context and wrongly concludes such admissions were made, but none were made. When presented in full, it is apparent that Konami's expert did not admit that the claims were subject to § 112, ¶6. Konami's expert stated:

> 42. Referring to claim 4 of the '869 patent, the claim recites that the "game controller" selects one potential wining symbol. Although I understand it is not asserted, it is informative to understand the association between the terms "game controller" and "control module". The control module 60 includes the microprocessor or processor and is synonymous with game controller as discussed above. Put another way, these references support my opinion that the terms "game controller" and "control module" are synonyms for each other, a fact one of ordinary skill would understand. Further, claim 4 is dependent on claim 2 which states that the identical symbol is selected by the processor the specification of the '869 patent provides that the identical symbol is selected by the game controller. Col. 2, l. 15-16. Again this is consistent with my opinion that the components forming the structure, either game controller or control module, would be the same, and one of ordinary skill in the art would understand that the structure of the game controller performs the function of performing random selection.

Appx1375, ¶ 42. Konami's expert further stated:

> 49. In addition, one of ordinary skill in the art would understand the claim limitations based on the additional description of the structure recited in the claims. Claim 1 of the '869 patent recites "a processor configured to execute game." The claim then informs the structure of the "game" being executed as "displaying a matrix of symbol containing elements having a plurality of rows and a plurality columns." This is even further refined in the structural definition of "at least one column of said matrix comprising a portion of a simulated rotatable reel of a plurality of said symbol containing elements," which

9

> is then even further defined by requiring that the simulated reel include "sections of symbol containing elements displaying a plurality of symbols that are fixed' and "at least one section in which a consecutive run of three or more of said symbol containing elements is populated by an identical symbol." The claim recites this descriptive text as structure corresponding to the limitation of a "processor configured to execute a game." One of ordinary skill in the art at the time of the invention can follow this recited structure to know how to implement this limitation in software code and thus execute the game.

Appx1378-1379, ¶ 49. When considering the entirety of these statements, Konami never conceded or admitted that the claims were subject to § 112, ¶ 6. In fact, it consistently argued exactly the opposite.

Konami and its expert correctly understood and applied *Williamson*. App. Br. 17. Konami set forth the following in its briefing:

> The legal standard determining whether a claim terms invokes construction under 35 U.S.C. § 112 ¶ 6 as a means-plus-function limitation is whether the words of the claim are understood by persons of ordinary skill in the art to have a sufficiently definite meaning as the name for structure. *Williamson v. Citrix Online, LLC*, 792 F.3d 1339, 1349 (Fed. Cir. 2015).

Appx1326. Konami's briefing paraphrased an exact quote from *Williamson*, "The standard is whether the words of the claim are understood by persons of ordinary skill in the art to have a sufficiently definite meaning as the name for structure." *Id.* As such, Konami and its expert did not misstate or misapply the law. *Williamson* continues that the presumption against means-plus-function construction, when a claim term lacks the word "means," can be overcome and § 112 ¶ 6 will apply "if the challenger demonstrates that the claim term fails to recite sufficiently definite

structure or else recites function without reciting sufficient structure for performing that function." *Id.* (internal quotations omitted).

The district court's Order and Opinion granted summary judgment in favor of High 5, deciding that the claims were invalid as indefinite under 35 U.S.C. § 112 ¶¶ 2 and 6, and directed toward non-patentable abstract ideas under 35 U.S.C. § 101. Appx2214-2247. The district court did not find that Konami or its expert had made any admissions regarding invalidity or applied the wrong legal standard, because they had not.

Konami appealed to the U.S. Court of Appeals for the Federal Circuit. Following oral argument, the Federal Circuit affirmed without issuing an opinion. Appx2248-2249. Federal Circuit Rule 36 allows an affirmance without opinion when an opinion would have no precedential value and the appealed judgment is based on findings that are not clearly erroneous, the record supports summary judgment, or where the judgment has been entered without an error of law, among other rationales. Fed. Cir. R. 36(a)-(e). Konami's appeal presented several challenges that were reviewed by the Federal Circuit *de novo*. Appx2346-2347, Appx2353, Appx2361, Appx2375. Although the Federal Circuit affirmed the result without an opinion or explanation, this affirmance cannot be taken to mean that Konami's arguments were objectively unreasonable or advanced for any improper purpose.

Quite simply, nothing here makes this patent infringement lawsuit one that stands out from the rest, and nothing makes this case "exceptional."

## SUMMARY OF THE ARGUMENT

District courts are in the best position to understand and weigh issues related to motions for attorney fees and the Supreme Court has made it clear any exceptional case determination is made pursuant to the district court's discretion considering the totality of the circumstances. It was not an abuse of its discretion for the district court here to determine that this case did not "stand out" from other cases.

The district court carefully considered High 5's Motion for Attorney Fees, Plaintiff's Response, and High 5's Reply. In fact, the district court thoroughly examined the summary judgment arguments that preceded High 5's Motion for Attorney Fees and cited the same in its Order denying the award of attorneys' fees. Appx0001-0008. High 5 correctly states that the standard of review in this case is an abuse of discretion by the district court (App. Br. at 37), but its arguments and analysis do not address how the district court failed to apply the correct law or how the district court's findings were not supported by evidence and sound reasoning. Rather, High 5 remains focused on repeating its substantive arguments addressed in summary judgment. The district court fully considered and rejected High 5's arguments that Konami's conduct was objectively unreasonable based on High 5's contentions that Konami should have known the patents-in-suit were invalid under

35 U.S.C. §§ 101 and 112 ¶ 6 from the outset. The district court adequately and sufficiently provided its basis for concluding Konami's positions were not unreasonable in the October 25, 2021, Attorney Fee Order. Appx0001-0008.

High 5 provides a laundry list of its previously rejected arguments that are now repackaged as failures of the district court. High 5's arguments never overcome the high bar to reach a definite and firm conviction that U.S. District Court Judge Boulware made a clear error and ***abused his discretion***. *Stone Basket*, 892 F.3d 1175, 1178 (Fed. Cir. 2018). The district court is not obligated to recite all of High 5's arguments that the district court deemed unpersuasive. Instead, as the District Court has done here, the district court has set forth multiple reasons for the § 112 and §101 arguments that established Konami's litigation strength was not unreasonable.

Importantly, the district court previously addressed and dismissed High 5's futile arguments that Konami's technical expert relied on an improper understanding of *Williamson* during the summary judgment proceedings. High 5 filed a motion to exclude the expert's testimony (Appx1598-1601) on the same grounds that High 5 contends supports its Attorney Fee Motion. The district court denied that motion. Appx2270. And the district court had the benefit of examining Konami's expert live. Appx2091-2092.

## **ARGUMENT**

## I.   **STANDARD OF REVIEW**

The Supreme Court addressed the standard of review of § 285 cases in *Highmark Inc. v. Allcare Health Mgmt.*, 572 U.S. 559 (2014), holding that "an appellate court should review all aspects of a district court's § 285 determination for abuse of discretion." *Id*. at 564. "Abuse of discretion is a highly deferential standard of appellate review." *Bayer CropScience AG v. Dow Agrosciences LLC*, 851 F.3d 1302, 1306 (Fed. Cir. 2017). "To meet the abuse-of-discretion standard, the moving party must show that the district court has made a clear error of judgment in weighing relevant factors or in basing its decision on an error of law or on clearly erroneous factual findings." *Id.* (internal citations omitted). "A factual finding is clearly erroneous if, despite some supporting evidence, we are left with the definite and firm conviction that a mistake has been made." *Stone Basket*, 892 F.3d at 1178 (quoting *Rothschild Connected Devices Innovations, LLC v. Guardian Prot. Servs., Inc.*, 858 F.3d 1383, 1387 (Fed. Cir. 2017).

## II.   **THE DISTRICT COURT CONSIDERED THE TOTALITY OF THE CIRCUMSTANCES AS REQUIRED BY *OCTANE FITNESS* AND CONCLUDED KONAMI'S POSITIONS WERE REASONABLE**

United States Patent Law provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. The Supreme Court has held that "[d]istrict courts may determine whether a case is

'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Octane Fitness, LLC v. Icon Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). "An 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id.* The power to award fees is reserved and is awarded in "the rare case[s] in which a party's unreasonable conduct-while not necessarily independently sanctionable-is nonetheless so exceptional as to justify an award of fees." *Id.* at 555.

"[T]here is a presumption that an assertion of infringement of a duly granted patent is made in good faith." *Medtronic Navigation, Inc. v. BrainLAB Medizinische Computersysteme GmbH*, 603 F.3d 943, 954 (Fed. Cir. 2010). As a patent holder, Konami is "entitled to presume the validity of its patent and engage in a good-faith effort to enforce its perceived rights under the patent." *SHFL Entertainment, Inc. v. Digideal Corporation*, No. 2:12-cv-1782, 2016 WL 5219464, at *1 (D. Nev. June 29, 2016). "In *Octane Fitness*, the Supreme Court made clear that it is the 'substantive strength of the party's litigating position' that is relevant to an exceptional case determination, not the correctness or eventual success of that position. A party's position on issues of law ultimately need not be correct for them to not 'stand[] out,' or be found reasonable." *SFA Sys., LLC v. Newegg Inc.*, 793

F.3d 1344, 1348 (Fed. Cir. 2015) (internal citations omitted). "[A]s the Supreme Court made clear in *Octane*, fee awards are not to be used 'as a penalty for failure to win a patent infringement suit.'" *Gaymar Indus. v. Cincinnati SubZero Prods.*, 790 F.3d 1369, 1373 (Fed. Cir. 2015).

Similarly, "[m]erely losing at summary judgment is not a basis for an exceptional case finding. If so, every party prevailing on summary judgment would be entitled to attorney fees— a result inconsistent with the Supreme Court's holding that an exceptional case 'stands out from others.'" *Cambrian Sci. Corp. v. Cox Commc'ns, Inc.*, 79 F. Supp. 3d 1111, 1114-15 (C.D. Cal. 2015) *quoting Octane Fitness*, 134 S. Ct. at 1756. Section 285 does not impose "a penalty for failure to win a patent infringement suit," *Octane*, 134 S. Ct. at 1753, or effect an adoption of "the English Rule, whereby the losing party always pays the winner's fees." *Stragent, LLC v. Intel Corp.*, No. 6:11–cv–421, 2014 WL 6756304, at *4 (E.D. Tex. Aug. 6, 2014) (Dyk, J.). Thus, unsuccessful arguments cannot be viewed purely in "hindsight" to transform a case into an exceptional one justifying a fee award. *See, id*. at *5.

The exceptional case determination requires considering the totality of the circumstances. *Octane Fitness,* 572 U.S. at 554, Courts have identified certain factors to consider, including: "bad faith litigation, objectively unreasonable positions, inequitable conduct before the PTO, litigation misconduct, and (in the case

of an accused infringer) willful infringement." *DietGoal Innovations LLC v. Chipotle Mex. Grill, Inc.*, No. 2:12-cv-00764-WCB, 2015 WL 1284826, at *1 (E.D. Tex., March 20, 2015)(internal citations omitted). None of these factors are present here. Further, "an exceptional case finding based primarily on specific instances of litigation misconduct 'usually does not support a full award of attorneys' fees' and generally should be limited to compensating 'for the extra-legal effort to counteract the misconduct.'" *Precision Links Inc. v. USA Products Group, Inc.*, No. 3:08–cv–00576–MR, 2014 WL 2861759, at *4 (W.D.N.C. June 24, 2014) (quoting *Precision Links Inc. v. USA Products Group, Inc.*, 527 F. App'x 852, 858 (Fed. Cir. 2013)).

## A.    The District Court Understood and Applied the Appropriate Legal Standards and Relevant Case Law.

High 5 presents no evidence that the Court misunderstood or misapplied the relevant case law. High 5's principal arguments reflect only that High 5 was not satisfied with the outcome of the district court's conclusion. Significantly, High 5's arguments never overcome the high bar to reach a definite and firm conviction that the district court made a mistake, which is the standard for this Court to step in to overturn the district court's decision. *Stone Basket*, 892 F.3d at 1178.

Both parties had a full and fair opportunity to brief the issues in dispute in this case. High 5 vigorously defended the district court's correct and comprehensive application of *Williamson*, *Aristocrat*, and *In re Smith*, in finding the claims invalid

under § 112 and § 101 the last time the parties were before this Court in the prior appeal.

In its current Appeal, High 5 repackages its arguments that were presented to the district court and now contends that the district court committed legal error and abused its discretion by (1) crediting Konami's attempt to distinguish *Aristocrat*; (2) failing to properly consider the governing test recited in *Williamson*; (3) failing to address Konami's argument that the claims did not recite functional claiming; (4) failing to address Konami's argument that the patents-in-suit disclosed a software algorithm "in prose;" (5) failing to address Konami's appeal; (6) not concluding Konami's § 101 arguments were also flawed; (7) improperly basing its holding, in part, on the PTAB's refusal to institute IPR; and (8) appearing to take into consideration the fact that a different judge in another co-pending patent case involving the identical patent claims had denied a motion for attorneys' fees. App. Br. 33-37. As this Court has held, "failure to mention does not mean failure to consider when the evidence supplies support for the district court's determination…" *FMC Corp v. Hennessy Indus, Inc*, 836 F.2d 521, 524 (Fed Cir. 1987).

1. **High 5 Faults the District Court for Considering Parties Conduct in *Inter Partes* Reviews in its Totality of the Circumstances Analysis.**

The district court included in its totality of the circumstances analysis the facts that (1) IPRs were filed by High 5 against the patents-in-suit and their institution was denied by the PTO, and (2) another Nevada district court denied attorney fees where Konami asserted these same patents-in-suit. Appx0002-0003, Appx0008. High 5 contends the reliance on the outcome of the IPR and other district court was legally erroneous because the totality of all the circumstances must *only* be in this case. App. Br. 62-65. High 5 is wrong.

This Court has upheld and endorsed utilizing these types of facts as part of the totality of the circumstances analysis specifically related to motions for attorney fees under 35 U.S.C. § 285. In *Munchkin v. Luv n' Care*, this Court reversed an exceptional case finding where the patent was subject to an IPR after the litigation had been filed and, in determining the strength of the patentee's litigation position, stated that the infringer "cannot point to any statement by the Patent Board suggesting it viewed Munchkin's position to be frivolous or anything out of the ordinary…" *Munchkin, Inc v. Luv n' Care, Ltd*, 960 F.3d 1373, 1380 (Fed. Cir. 2020). Not only has this Court endorsed the analysis of the IPR proceedings and actions taken therein in reversing an exceptional case finding, but it has also allowed

the IPR analysis to support a lower court's conclusion that a patent case is "ordinary" and that no attorneys' fees should be assessed.

Specifically, this Court has held it was not clear error for a district court to evaluate claim construction arguments presented during an IPR and to evaluate arguments in the IPR when determining the strength of the patentee's litigation position under a totality of all the circumstances. *Sarif Biomedical LLC v. Brainlab, Inc*, 725 F. App'x 996, 1000 (Fed. Cir. 2018). In *Sarif*, the district court evaluated the patentee's IPR arguments for claim construction, which the patentee's expert had attempted to undermine. Ultimately, the expert's testimony and credibility when compared to the IPR proceedings was to be weighed by the district court, as it is in the best position to understand and weigh the issues. *Id.*

Here, the district court did not commit clear error in evaluating High 5's *Inter Partes* reviews filed against the patents-in-suit. High 5 presented several invalidity arguments and 12 terms for construction before the PTO across the four patents-in-suit; however, none of these were alleged at that time to be governed by 35 U.S.C. § 112 ¶ 6. Appx2763. The claim constructions proposed by High 5 at the PTO aligned with Konami's claim construction proposals before the district court. The district court properly exercised its discretion to consider these circumstances in evaluating whether Konami's unsuccessful claim construction arguments caused this litigation to stand out from others. It is illustrative to the substantive strength of

Konami's litigation position that High 5 took *different* claim construction positions in the *Inter Partes review* proceedings than it did in the litigation. Accordingly, the district court did not abuse its discrete, nor was it clearly erroneous for the district court to consider these circumstances.

In this appeal, High 5 also contends it was clearly erroneous for the district court to consider the *Inter Partes* review proceedings because the PTO cannot consider invalidity grounds based on § 101 or § 112. High 5 Br. 63. But the fact remains that High 5's own proposed constructions *aligned* with the constructions advocated by Konami during the litigation. *Id*. In considering the totality of circumstances of the present case, the arguments presented by High 5 regarding the patents-in-suit in the *Inter Partes* review and the results of that review are relevant to the district court's evaluation that Konami's litigation position was not objectively baseless or unreasonable. Appx0008. As this Court has repeatedly held, a party's conduct in and positions taken before the PTO in the *Inter Partes* review process may be considered as part of the totality of the circumstances. *Sarif Biomedical*, 725 F. App'x at 1000. As such, it was not clearly erroneous for the district court to consider the *Inter Partes* reviews.

2.    **High 5 Faults the District Court for Considering Parties Conduct in Other Litigations in its Totality of the Circumstances Analysis.**

This Court has held that the district court can consider a patentee's pattern of prior litigation in determining whether a case is exceptional. *SFA Sys., LLC v. Newegg, Inc.*, 793 F.3d 1344, 1352 (Fed. Cir. 2015). The Court further pointed out that "§ 285 cases that address litigation misconduct, which were not overruled by *Octane Fitness*, make clear that a district court should consider a patentee's pattern of litigation where adequate evidence of an abusive pattern is presented." *Id*. In light of this standard, the district court did not abuse its discretion, nor did it commit clear error where it considered the denial of the § 285 motion for attorneys' fees in a separate co-pending action against another industry competitor, Marks Studios, involving the exact same patents. *See Konami Gaming, Inc. v. Marks Studios, LLC*, 2021 WL 7711202 (D. Nev. Mar. 15, 2021) (the *Marks* Order). Appx0003.

This Court has held that evaluating other litigations is a factor to consider for determining reasonableness and strength of the patentee's litigation position. *Prism Techs. LLC v. T-Mobile USA, Inc.*, 696 F. App'x 1014, 1018–19 (Fed. Cir. 2017). In *Prism*, after a jury found non-infringement, the district court denied a motion for attorney fees that was based on arguments the case was exceptionally weak and the claims were abstract under 35 U.S.C. § 101. As one factor in the totality of the circumstances determination, the district court relied on the fact that Prism had

previously asserted its patent, withstood non-infringement and validity defenses, and that this Court had affirmed the denial of attorney fees.

Here, the District Court also did not abuse its discretion in taking judicial notice of the denial of the § 285 motion for attorneys' fees in the *Marks Studios* litigation by a coordinate U.S. District Judge in Nevada evaluating the same Konami patents. The *Marks* Order concludes that Konami had a reasonable basis to claim that its patents were sufficiently inventive to be patent-eligible subject matter, relying on the *In re Smith* decision that new game rules may be patent eligible in connection with a game using a new or original deck of cards. Appx2911-2913. Also, in the *Marks Studios* litigation, Konami's claim construction positions were "buoyed by precedent and its expert," and were not found to be "utterly without merit that an award of attorneys' fees is justified." Appx2913-2914.

High 5 contends for the opposite proposition in order to limit the district court's totality of circumstances analysis to only the district court proceedings in this case *exclusively*. App. Br. at 64. High 5 provides no support for this proposition, and this Court should reject High 5's invitation to reverse its jurisprudence on the proper scope of the district court's analysis.

The District Court's reliance on the *Inter Partes* review and the *Marks* Order is therefore not legally erroneous, nor an abuse of its discretion.

### B.    The District Court Had No Obligation To Write An Opinion That Reveals The Assessment Of Every Consideration.

"This court has recognized that the Supreme Court's opinions in *Octane Fitness* and *Highmark* stress a district court's discretion to determine whether a case is exceptional on a case-by-case basis, considering the totality of the circumstances." *Univ. of Utah v. Max-Planck-Gesellschaft Zur Forderung Der Wissenschaften e.V.*, 851 F.3d 1317, 1323 (Fed. Cir. 2017). In *Max-Planck*, the Court stressed its hesitance to "wade in such circumstantial waters," where "[t]he trial judge was in the best position to understand and weigh these issues." *Id.* And, although the appellant there presented evidence "suggesting that the district court failed to take certain facts into account and overstated the factual and legal strength of [appellee's] position," the trial court "had no obligation to write an opinion that reveals her assessment of every consideration." *Id.*

A central theme of High 5's appeal is that the district court "fail[ed] to address numerous factors relevant to the 'exceptional case' analysis." App. Br. at 4. Stated another way, High 5 says "the opinion failed to substantively consider most of the circumstances warranting an 'exceptional case' finding." App. Br. at 32.

High 5 relies on *Romag Fasteners, Inc. v. Fossil, Inc.*, 866 F.3d 1330 (Fed. Cir. 2017) in arguing that the district court failed to address numerous factors relevant to the inquiry and therefore did not consider the totality of the circumstances. App. Br. at 39. In *Romag*, the district court's § 285 decision was

vacated because the district court explicitly declined to consider a party's earlier litigation misconduct as part of its totality of circumstances analysis. *Id*. at 1340. The district court had disregarded the sanctioned misconduct on the theory that failure to award fees was equivalent to double-sanctioning. *Id.* This direct exclusion to consider certain conduct in connection with a totality of circumstances was legal error. But such is not the case here.

High 5 does not point to any statement in the District Court's Attorney Fee Order suggesting that it specifically ***excluded*** any relevant conduct or other factors from the totality of circumstances analysis. Rather, High 5 merely points to certain arguments made in its motion briefing that were not expressly included in the district court's Order denying the award attorneys' fees to argue that the district court abused its discretion by failing to consider all relevant facts. *Romag* does not stand for the proposition that every potentially relevant factor and legal argument presented by the defendant must be directly addressed in the district court's § 285 decision. The district court properly recognized that "[d]istrict courts analyzing a request for fees in a patent case are to 'examine the "totality of the circumstances" to determine if the case was exceptional.'" Appx0003. High 5 argues, but provides no evidence in support of its assertion, that this was not done. Ultimately, the district court did not abuse its discretion by declining to reveal its assessment of every consideration, and High 5's argument should be rejected.

**C.     The District Court Correctly Weighed Konami's Arguments Against the Application of *Aristocrat* and the District Court Applied the Correct Test From *Williamson.***

Throughout this litigation, the Parties extensively briefed the mean-plus function analysis for the both the summary judgement and the attorney fee motions. Appx2773-2774. When the district court's Order denying the award of attorneys' fees was not decided in High 5's favor, High 5 now claims the District Court must have misunderstood and misapplied *Aristocrat*. *Aristocrat Techs. Australia Pty Ltd. v. International Game Tech.*, 521 F.3d 1328 (Fed. Cir. 2008). App. Br. 40-41. However, the district court correctly considered High 5's arguments and correctly applied *Aristocrat* to determine, based on the totality of the circumstances, that Konami was not unreasonable. It is undisputed that Konami's patent claims do not expressly recite "means for", whereas the claims at issue in *Aristocrat* did. Accordingly, the district court did not misunderstand or misapply the law in concluding that Konami's arguments were not objectively baseless in distinguishing *Aristocrat.* Appx0006.

High 5 further argues that the district court's failure to specifically recite *Williamson* means the district court committed reversible error. App. Br. 41-42. However, the district court addressed the analysis laid out by *Williamson* related to pure functional claiming, and concluded that the claims failed to disclose sufficient structure to accomplish the claimed functions. Appx0003-0004, Appx0006. But

even in view of this ultimate determination—which was a close call—and based on the totality of the circumstances, the district court further held that Konami could have reasonably believed that the patents' asserted claims disclosed sufficient structure.

High 5 further argues that the district court did not address Konami's argument that its patent claims avoided the recitation of nonce words. App. Br. 42-43. However, the district court specifically examined whether certain terms in Konami's patents were nonce words and whether the claims terms disclosed sufficient structure. Appx0006. The district court's ultimate conclusion that Konami's arguments were not wholly unreasonable was based, in part, on other cases finding that such common terms at issue, especially those well-known within the gaming industry, were not nonce words. Appx0006-0007. Indeed, this Court continues to find terms such as "processor adapted to" ***not*** subject to mean-plus function on a case-by-case basis and, further, that there remains a presumption against such treatment when "means" is not present. *VDPP LLC v. Vizio, Inc.*, No. 2021-2040, 2022 WL 885771, at *3 (Fed. Cir. March 25, 2022). The district court did abuse its direction by considering the absence of "means" as High 5 contends.

**D.    The District Court Properly Considered and Rejected High 5's 35 U.S.C. § 101 Arguments in Support of Its Exceptional Case Contentions and the District Court's Properly Assessed the Evidence as Required by *Octane Fitness*.**

High 5's arguments that the district court's reasoning was flawed for finding Konami action not objectively unreasonable seeks to turn Section 285 into "a penalty for failure to win a patent infringement suit," which the U.S. Supreme Court has rejected. *Octane*, 134 S. Ct. at 1753. High 5 argues the district court was wrong to distinguish the claims of the patents-in-suit from the claims in *Alice*. App. Br. 59. High 5 further argues the district court was wrong to consider the express holding of *In re Smith*, 815 F.3d 816 (Fed. Cir. 2016), that permits claims directed toward "new or original deck of cards". App. Br. 60-61. Finally, High 5 contends the district court clearly abused its discretion by ignoring the inventor's testimony. App. Br. 61-62. Each of these assertions is without merit.

The district court was within its discretion to evaluate Konami's positions based on the evolution of the legal landscape related to determining which claims were abstract. The U.S. Supreme Court on June 19, 2014—just three months before Konami brought this lawsuit—issued its opinion in *Alice Corp. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2357 (2014) and then this Court, on March 10, 2016, applied the Supreme Court's guidance from *Alice* in *In re Smith* to hold that game rules, standing alone are not patent eligible. Appx2774-2777. Thereafter, during summary judgment proceedings, the district court evaluated the claims of the patent-in-suit under the

new guiding principles set forth in *Alice.* Appx1342-1350; Appx2776-2777. But as the parties understand and this Court has made clear, there is no single test or definition that presents a single, succinct, usable definition or test for abstractness. *Amdocs (Israel) Ltd v. Openet Telecom, Inc.*, 841 F.3d 1288, 1294 (Fed. Cir. 2016). As such, "the decisional mechanism courts now apply is to examine earlier cases in which a similar or parallel descriptive nature can be seen—what prior cases were about, and which way they were decided." *Id.* It was therefore entirely within the district court's discretion to consider whether Konami's claims were similar to the "economic arrangement" claims in *Alice.* And, since the claims were not similar, Konami was reasonable to make its arguments that its claims—directed toward a gaming machine and related methods—were patent eligible subject matter. Further, it was within the District Court's discretion to consider Konami's alternative argument that its claims presented an improvement in the slot gaming technology analogous to new or original deck of cards as referenced by this Court in *In re Smith.*

Finally, the district court was well within its discretion to find High 5's arguments regarding Mr. Osamu Yoshimi, the patents' single inventor, unpersuasive. Appx0007-0008. The district court was aware that Mr. Yoshimi's deposition occurred in September 2016, nearly 10 years after Mr. Yoshimi had left Konami and had exited entirely from the gaming industry, and that as a Japanese citizen this was essentially his only exposure to the English language. Appx2790. In

his deposition, Mr. Yoshimi described "his invention" in the context of game rules, but this was not a dispositive concession. Rather, this was merely a non-native English speaker describing the development context for his improvement to gaming technology—done without any intent to characterize the legal scope of any particular claim or claim term. Appx2665.

High 5 contends the district court committed clear error by holding Mr. Yoshimi's testimony to be insufficient to establish Konami's objective unreasonableness and by failing to compare this case to inventor testimony in *Stone Basket Innovations*. App. Br. 61. Such a characterization misrepresents the fact that the claim element in *Stone Basket* was added to overcome the examiner's rejection. See, *Stone Basket Innovations*, 892 F.3d at 1177. In *Stone Basket*, the inventor's testimony regarding the novelty of a specific claim limitation was still not sufficient to justify the award of attorneys' fees. *Id*. at 1178-83.

High 5 argues that Mr. Yoshimi's statement was the entirety of his invention. App. Br. 61. High 5 characterizes the Japanese inventor's second-language testimony in this case as a concession that there is nothing novel about the invention. App. Br. 61. This is incorrect. The district court properly considered this evidence, a non-English speaker removed from the gaming industry for over ten years, and gave it the appropriate weight in its analysis. The district court did not err by exercising its "discretion to weigh and find credible the evidence before it." *Stone*

*Basket Innovations*, 892 F.3d at 1180. High 5 has failed to meet its burden to show the district court committed clear error and abused its discretion by denying High 5's request for attorney's fees in an ordinary, non-exceptional patent case.

## CONCLUSION AND RELIEF REQUESTED

For the reasons stated above, Konami respectfully requests that the Court affirm the district court's decision denying High 5's motion for the award of attorneys' fees.

Dated:  June 7, 2022

Respectfully submitted,
HOWARD & HOWARD ATTORNEYS PLLC

By: /s/ Kristopher K. Hulliberger
KRISTOPHER K. HULLIBERGER (P66903)
PATRICK M. MCCARTHY (P49100)
CHRISTOPHER J. WORREL (P75441)
450 West Fourth Street
Royal Oak, Michigan 48067-2557
Telephone: (248) 645-1483
Facsimile: (248) 723-1568
kkh@h2law.com;
pmm@h2law.com;
cjw@h2law.com

W. WEST ALLEN
HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Pkwy #1000
Las Vegas, Nevada 89169
Telephone: (702) 667-4843
wwa@h2law.com

*Attorneys for Plaintiff/Appellee*
*Konami Gaming Inc.*

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that on this 7th day of June, 2022, I caused this Brief of Appellee to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to all counsel of record as registered CM/ECF users.

/s/ Kristopher K. Hulliberger
*Counsel for Plaintiff – Appellee*
*Konami Gaming Inc.*

## <u>CERTIFICATE OF COMPLIANCE</u>

1.    This brief complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. R. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

[ X ] this brief contains [*7,263*] words.

[    ] this brief uses a monospaced type and contains [*state the number of*] lines of text.

2.    This brief complies with the typeface and type style requirements because:

[ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 365*] in [*14pt Times New Roman*]; *or*

[    ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

Dated: June 7, 2022                              /s/ Kristopher K. Hulliberger
                                                 *Counsel for Plaintiff – Appellee*
                                                 *Konami Gaming Inc.*